

> Signed/Docketed
> November 17, 2011

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
### The Honorable Michael E. Romero

| | |
|---|---|
| In re: ) | |
| ) | Case No. 11-31115 MER |
| THOMAS GERARD MARTINO ) | |
| ) | Chapter 7 |
| Debtor. ) | |

## ORDER

This matter comes before the Court on the *Debtor's Motion for Protective Order Pursuant to F.R.C.P. 26(c)* (Docket No. 60) (the "Protective Order Motion"), and *International Bank's Response to Motion for Protective Order Pursuant to F.R.C.P. 26(c)* (Docket No. 76) (the "Response"). The Court has reviewed the pleadings and the record in this case, and hereby finds and concludes as follows.

## JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(a) and (b) and 157(a) and (b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), as it relates to the administration of the estate.

## BACKGROUND FACTS

According to the Protective Order Motion, Creditor International Bank (the "Bank") filed an action in the District Court for Douglas County on June 7, 2011, alleging claims against the Debtor and against his non-filing spouse concerning the deficiency balance alleged after the foreclosure sale on a commercial property owned by Parker Tech Center, LLC, and asserting the Debtor's non-filing spouse received fraudulent transfers pursuant to COLO. REV. STAT. § 38-8-105. Following the Debtor's bankruptcy petition, the Bank filed *Ex Parte Motions for Examination Pursuant to Bankr.R. 2004* for both Debtor and his non-filing spouse (the "2004 Motions"). In Paragraphs 8 of each of the 2004 Motions, the Bank states it "believes that the Debtor transferred the Assets to Ms. Martino with the actual intent to hinder, delay or defraud the Bank and other creditors and/or without receiving reasonably equivalent value in exchange for the transfer of the Assets." The Court granted the 2004 Motions on September 28, 2011.

The Debtor argues under 11 U.S.C. § 544[1][2] that the allegations made by the Bank regarding any fraudulent transfers pursuant to COLO. REV. STAT. § 38-8-105 belong exclusively to the Chapter 7 trustee. The Debtor concedes the Bank has standing to inquire about the possibility of a fraud claim pursuant to §§ 523 and 727, but lacks standing as to the trustee's fraudulent conveyance claim. Further, the Debtor points out he filed Adversary Proceeding No. 11-1703 MER alleging violation of the automatic stay to the extent the Bank may be proceeding against an asset of the estate. Therefore, the Debtor contends FED. R. BANKR. P. 2004 ("Rule 2004") is not available to the Bank, because the discovery rules in FED. R. BANKR. P. 7001, *et. seq.* control.

The Bank alleges Rule 2004, designed as a broad investigative tool, constitutes an appropriate avenue for examining potential fraudulent transfers and whether certain transfers comprise property of the estate, as well as for determining facts concerning discharge and dischargeability. It contends the adversary proceeding pending against it does not relate to the issues underlying its request for Rule 2004 examinations.

## DISCUSSION

Rule 2004 "is a basic discovery device used in bankruptcy cases."[3] It states in relevant part:

> (a) Examination on Motion. On Motion of any party in interest, the court may order the examination of any entity.
>
> (b) Scope of Examination. The examination of an entity under this rule or of the debtor under section 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate or to the debtor's right to a discharge.

The first question raised by the Debtor is whether the Bank has standing to conduct a Rule 2004 examination regarding prepetition transfers recoverable under § 544, since actions to recover such transfers would normally be brought by the Chapter 7 trustee, not a creditor. However, a party in interest for purposes of Rule 2004 is one "whose pecuniary interest is

---

[1] 11 U.S.C. § 544 (b)(1) provides, in relevant part: "[T]he trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim."

[2] Unless otherwise noted in the text, statutory references are to Title 11 of the United States Code.

[3] *In re Blinder, Robinson & Company, Inc.*, 127 B.R. 267, 275 (D. Colo. 1991).

directly affected by the bankruptcy proceeding."[4] Accordingly, the Bank, as a creditor, constitutes a party in interest.

Rule 2004 has been likened to a "fishing expedition," although its use is not unlimited.[5] Proper purposes for a Rule 2004 examination include "discovering assets, examining transactions, and determining whether wrongdoing has occurred."[6] As noted by Judge Sidney B. Brooks of this Court:

> [I]n addition to the right to commence an adversary proceeding to determine dischargeability, the Bankruptcy Code provides significant other or supplemental rights to creditors. Indeed, while some of these rights may, and sometimes must, be pursued by the trustee on behalf of the estate, the creditors do not have to rely solely and exclusively on the efforts of the trustee. For example, 11 U.S.C. § 503 provides for compensation to creditors who recover assets for the estate.[7]

The Court agrees with this observation. The Bank is within its rights to seek information within the scope of Rule 2004, even if such information may ultimately be incorporated in a cause of action exclusive to the trustee.

The second issue raised by the Debtor is whether the Bank may conduct a Rule 2004 examination since it is a party to an adversary proceeding. "One of the primary purposes of a Rule 2004 examination is as a pre-litigation device."[8] Once an adversary proceeding has been commenced, discovery generally proceeds under FED. R. BANKR. P. 7026 *et seq.*[9] Again, as discussed by Judge Brooks:

> [A] creditor who has commenced an adversary proceeding should be limited to discovery, in that proceeding, pursuant to the Federal Rules of Civil Procedure as to: (1) entities affected by the pending adversary proceeding(s) and (2) issues addressed

---

[4] *In re Aronson*, 1994 WL 497541 at *6 (E.D. Pa. 1994)(quoting *In re Kutner*, 3 B.R. 422, 425 (N.D.Tex.1980)). *See also Matter of M4 Enterprises, Inc.*, 190 B.R. 471, 474 (Bankr. N.D. Ga. 1994) (a corporation's sole shareholder qualified as a party in interest for purposes of Rule 2004); *In re Summit Corp.*, 891 F.2d 1, 5 (1st Cir. 1989) (holding that a bidder on assets of a corporation in bankruptcy was a party in interest for purposes of Rule 2004)).

[5] See *Blinder*, 127 B.R. at 274; *In re Buick*, 174 B.R. 299, 305 (Bankr. D. Colo. 1994).

[6] *In re Washington Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009) (quoting *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002)). See also *In re Strecker*, 251 B.R. 878 (Bankr. D. Colo. 2000).

[7] *Buick*, 174 B.R. at 306.

[8] *Washington Mut.*, 408 B.R. at 53 (citing *In re Table Talk, Inc.*, 51 B.R. 143, 145 (Bankr. D. Mass. 1985)).

[9] *Id.*., 408 B.R. at 50.

in its pending adversary proceeding(s). Additionally, however, a creditor may conduct Rule 2004 examinations regarding issues in addition to or beyond the scope of its pending adversary proceeding(s), or the trustee's pending adversary proceeding(s).[10]

Here, the Debtor commenced an adversary proceeding against the Bank. The Court agrees with the holding of *Buick*, and concludes it is appropriate to limit a Rule 2004 examination to only those issues outside of the adversary proceeding.

For these reasons,

IT IS ORDERED the *Debtor's Motion for Protective Order Pursuant to F.R.C.P. 26(c)* is GRANTED to the extent inquiry is sought on issues within the scope of the adversary proceeding between the parties. Such inquiries should be brought pursuant to the appropriate provisions of the Federal Rules of Bankruptcy Procedure. The *Debtor's Motion for Protective Order Pursuant to F.R.C.P. 26(c)* is DENIED to the extent the Bank seeks to inquire into all other matters authorized by Rule 2004.

Dated November 17, 2011

BY THE COURT:

Michael E. Romero
U.S. Bankruptcy Judge

---

[10] *Buick*, *supra*, at 306; *see also In re Southeastern Materials, Inc.*, 2010 WL 5128608, *4 (Bankr. M.D.N.C. 2010) (slip copy).